J-S62045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NELSON JOAQUIN LOPEZ | |
| Appellant | No. 975 WDA 2015 |

Appeal from the Judgment of Sentence June 8, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002085-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 27, 2015**

Appellant, Nelson Joaquin Lopez, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his negotiated guilty plea to corruption of minors and indecent assault of a person less than 13 years of age.[1]  On November 2, 2014, Appellant was with victim, who was his twelve-year-old neighbor.  Appellant placed his hands down victim's pants and touched victim's genitals.  On March 5, 2015, Appellant pled guilty to one count each of corruption of minors and indecent assault.  The court sentenced Appellant on June 8, 2015, to six (6) to twenty-four (24) months' incarceration for corruption of minors, with no

_____

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii); 3126(a)(7).

_____

*Retired Senior Judge assigned to the Superior Court.

further penalty for indecent assault. Pursuant to the Sexual Offender Registration and Notification Act ("SORNA"),[2] the court ordered Appellant to register with the Pennsylvania State Police ("PSP") for life, as a convicted Tier III sex offender. Appellant filed a post-sentence motion on June 10, 2015, which the court denied on June 12, 2015. On June 19, 2015, Appellant filed a timely notice of appeal and a voluntary concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Section 9799.14 governs the classification of sexual offenses under SORNA in relevant part as follows:

> **§ 9799.14.  Sexual offenses and tier system**
>
> **(a)  Tier system established.**—Sexual offenses shall be classified in a three-tiered system composed of Tier I sexual offenses, Tier II sexual offenses and Tier III sexual offenses.
>
> *      *      *
>
> **(d)  Tier III sexual offenses.**—The following offenses shall be classified as Tier III sexual offenses:
>
> *      *      *
>
> (8)    18 Pa.C.S. § 3126(a)(7).
>
> *      *      *

42 Pa.C.S.A. § 9799.14 (a), (d). Section 9799.15 governs the period of registration as a sex offender in pertinent part as follows:

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.41.

**§ 9799.15. Period of registration**

**(a) Period of registration.—**Subject to subsection (c), an individual specified in section 9799.13 (relating to applicability) shall register with the Pennsylvania State Police as follows:

* * *

(3) An individual convicted of a Tier III sexual offense shall register for the life of the individual.

* * *

42 Pa.C.S.A. § 9799.15(a)(3). Pennsylvania law states that the registration requirements under SORNA do not constitute criminal punishment. *See* ***Commonwealth v. McDonough***, 96 A.3d 1067 (Pa.Super. 2014) (rejecting argument that SORNA unconstitutionally required defendant to register for period that exceeded statutory maximum sentence for associated crime; stating SORNA registration requirements are product of remedial legislation with non-punitive goal of public safety).

Instantly, Appellant was required under SORNA to register as a sex offender for life due to his conviction for indecent assault. *See* 42 Pa.C.S.A. §§ 9799.14, 9799.15(a)(3). ***McDonough*** completely disposes of Appellant's arguments that his lifetime registration requirement is unconstitutional because it exceeds the statutory maximum sentence for his offense or otherwise constitutes an "unusual punishment." Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/27/2015